IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 1180 |
| SUPREME CONCRETE and MICHAEL B. MARIEN, doing business as SUPREME CONCRETE, | ) ) ) ) | Judge Der-Yeghiayan Magistrate Judge Brown |
| Defendants. | ) | |

## JURISDICTIONAL STATUS REPORT

Pursuant to Judge Der-Yeghiayan's case management procedures, the plaintiffs hereby submit a Jurisdictional Status Report:

I. **SUBJECT MATTER JURISDICTION**

Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Funds"), and plaintiff, James S. Jorgensen, Administrator of the Funds are fiduciaries under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* as amended, and, during the time period at issue (November 1, 2007 through the present ), have administered their plans in Cook County, Illinois (see, attached affidavit of Joseph Gilleran). This is an action for unpaid contributions owed under ERISA. Jurisdiction is based on Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(l) ("the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by [a] fiduciary"); Section 301(a) of the

Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties"); and 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## II. VENUE

Since this matter is an action under ERISA to collect unpaid contributions to the Funds, brought by an ERISA fiduciary, the litigation may be brought in the district where the plan is administered. 29 U.S.C. § 1132(e)(2) ("Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered.") Plaintiffs, during the time period at issue (November 1, 2007 through the present), have administered their plans in Cook County, Illinois (see, attached affidavit of Joseph Gilleran), so venue is proper in the Eastern Division of the Northern District of Illinois.

                                                  Respectfully submitted,

                                                  /s/ Karen I. Engelhardt
                                                  On behalf of Plaintiffs

Josiah A. Groff
Karen I. Engelhardt
Allison, Slutsky & Kennedy P. C.,
230 West Monroe
Suite 2600
Chicago, Illinois 60606
(312) 364-9400

May 2, 2008