**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SUPREME CONCRETE *et al*,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  08 C 1180<br>)<br>)  Judge Der-Yeghiayan<br>)<br>)<br>)<br>) |

## MOTION FOR A RULE TO SHOW CAUSE

Plaintiffs, by their attorneys, request this court find Michael Marien in contempt of court. In support of this motion the plaintiffs state:

1.　On February 26, 2008, the Funds filed this cause under the Employee Retirement Income Security Act, 29 U.S.C. §1001 et. seq. ("E/RISA"), as amended, for delinquent contributions. On May 6, 2008, the Court entered an order requiring Michael Marien owner of Supreme Concrete to produce books and records for an audit (See attached Exhibit 1).

2.　On May 21, 2008, plaintiffs' special process server, Philip P. Ducar served Michael B. Marion at the address of 217 West Ottawa Street, Plainfield, Illinois, with this Court's Order dated May 6, 2008, requiring Mr. Marien to contact plaintiffs' counsel, Karen I. Engelhardt to arrange for a time for plaintiffs' auditors to review the Company's books and records. An affidavit, attached hereto as Exhibit 2, signed by the plaintiffs' process server is proof that Mr. Marien was personally served on May 21, 2008.

3.　The May 6th order identifies the Company records that defendant is ordered to produce for a payroll audit. Defendants have not responded to plaintiffs' requests to produce records. Plaintiffs counsel attempted to reach Mr. Marien by telephone but was unsuccessful.

4.　A district court has "the inherent authority to hold a party in civil contempt in order to enforce compliance with an order of that court, and to compensate for losses and damages." <u>Graves</u>

v. Kemsco Group, Inc., 676 F. Supp. 1417, 1420 (N.D. Ind. 1988)(citations omitted).  After establishing the contemptuous conduct, the court may compensate the Funds for all damage directly and proximately resulted from contemptuous actions.  Id. at 1420.

      Wherefore, plaintiffs request that this Court enter a rule to show cause ordering Michael Marien to appear to explain why he should not be held in contempt of Court.  In addition, monetary sanctions for attorneys' fees should be entered against defendant Supreme Concrete and Michael Marien, individually, for his willful refusal to cooperate in providing the documents necessary for an audit.  At this juncture, plaintiffs would like a report to be complete by the end of June 2008, in preparation for the prove up hearing in this case scheduled for July 30, 2008.

      Respectfully submitted,

      /s/Karen I. Engelhardt
      One of Plaintiffs' attorneys

Wesley G. Kennedy
Karen I. Engelhardt
Angie Cowan
Josiah Groff
Allison, Slutsky & Kennedy
230 W. Monroe Street
Suite 2600
Chicago, Illinois  60606

(312) 364-9400

June 4, 2008