IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 08 C 1180 |
| SUPREME CONCRETE, *et al.*, | ) Judge Der-Yeghiayan |
| Defendant. | ) Magistrate Judge Brown |

### ORDER

This cause coming to be heard before the Court on Plaintiffs' Motion for Default and to Compel an Audit; due notice having been given to the defendant, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED:**

1. A default is entered against the defendants, Supreme Concrete and Michael B. Marien.

2. The defendants, Supreme Concrete and Michael Marien, by and through Company owner, Michael Marien, shall permit inspection by the Funds' auditors of the books and records for the period from November 1, 2007, through the present for both entities, including but not limited to the following:

   1. Quarterly and annual payroll tax returns, including, but not limited to, federal quarterly form 941's, federal annual form W-2's, W-3's, 940's, 1099's and state quarterly unemployment returns (form UC-3).

   2. Payroll journals and/or registers which include or identify employees' social security numbers, hourly rates of pay, hours worked and the time period in which the work was performed.

Exhibit 1

3. Individual earnings records for all employees of the employer not shown on payroll journals or registers, including social security numbers and work classifications (or code or clock or ID number), hourly rates of pay, hours worked and the time period in which the work was performed.

4. Cash disbursement journals and general ledgers.

5. Copies of all contribution reports and proof of payment (canceled checks or records of canceled checks) of all contributions to the Laborers' Funds and to all other trade union fringe benefit funds to which the employer contributed.

6. Copies of all dues records and proof of payment (canceled checks or records of canceled checks) of all union dues submitted to the Laborers' District Council.

7. Records showing all amounts paid to all persons or entities that performed work for the employer as independent contractors or subcontractors, if any, including copies of any federal form 1099's issued by the employer.

8. Daily time records filed by employees or supervisors.

9. Source documents and lists of job codes and equipment codes.

10. Certified payrolls for public sector jobs where such payrolls are required.

11. Employee personnel files including, but not limited to, last known addresses and telephone numbers, any documents which demonstrate employees' job classifications and/or status as an apprentice, journeyman, foreman, superintendent, or supervisor, (confidential medical records or other private records not relevant to the establishment of an employee's job classification shall not be disclosed.)

12. Bank account statements and canceled checks from any account used in conjunction with the employer's business.

13. Records of all hours worked, rates of pay and classifications are not provided in the records listed in items 1 through 10, the employer shall maintain monthly lists of all employees not shown on payroll records, showing social security numbers and work classifications (or code or clock or ID number), rates of pay and hours worked.

3. Defendants, through Company ower, Michael B. Marien, shall permit plaintiffs' auditors access to the books and records at a mutually convenient time and place within ten days of service

of this order. To comply with this order Michael B. Marien shall contact plaintiffs' counsel, Karen I. Engelhardt at Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street Suite 2600, Chicago, IL 60606 at (312) 364-9400 to arrange at time for plaintiffs' auditors to review the Company documents within ten days of service of this order.

ENTERED

_Samuel Der-Yeghiayan_
United States District Court
Samuel Der-Yeghiayan

Date: __05/06/08__